FILED

SEP 08 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| GORDON ROUNTREE MOTORS, LTD., §<br><br>PLAINTIFF §<br><br>v. §<br><br>MAZDA MOTOR OF AMERICA, INC., §<br>D/B/A MAZDA NORTH AMERICAN §<br>OPERATIONS, RON STACH, AND §<br>NEAL BERSON, §<br><br>DEFENDANTS. § | **W06CA251**<br><br>CIVIL ACTION NO. _____ |

TO THE HONORABLE JUDGE OF SAID COURT:

## NOTICE OF REMOVAL

1. Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations ("Mazda"), removes this action to the United States District Court for the Western District of Texas, Waco Division, on grounds of diversity of citizenship jurisdiction, pursuant to 28 U.S.C. §§1332, 1441, and 1446.

## I.    BACKGROUND

2. This action was originally filed in the 74th District Court of McLennan County, Texas, on or about August 24, 2006, under Cause No. 2006-3017-3.

3. Plaintiff Gordon Rountree Motors, Ltd. ("Rountree Motors") has asserted causes of action sounding in tort, including actions for tortious interference with contract, tortious interference with prospective business relationships, negligent misrepresentation, business disparagement, and fraud. *See* Plaintiff's Original Pet. at 7-10.

4. Plaintiffs seek to recover actual damages consisting of benefit-of-the-bargain damages, lost profits, loss of goodwill, and out-of-pocket damages, exemplary damages, and pre

and post-judgment interest. *Id.*

## II.    THE PARTIES

5. According to Plaintiff's petition, Plaintiff Rountree Motors, is a Texas limited partnership whose principal place of business is in McLennan County. *See* Plaintiff's Original Pet. at 2. For purposes of diversity jurisdiction, Plaintiff is a Texas citizen.

6. Defendant Mazda is a corporation organized under the laws of California, with its principal place of business in California. For purposes of diversity jurisdiction, Defendant Mazda is not a citizen of Texas, but is a citizen of California.

7. Defendant Ron Stach is presently, and at the time this case was filed, a citizen of Michigan and has not been served with process in this case.

8. Defendant Neal Berson is deceased. At the time of his death, Mr. Berson was a resident of Illinois. Defendant Berson has not been served with process in this case.

9. Defendant Mazda is the only defendant to have been served in this lawsuit; thus, the consent to removal of Defendants Stach and Berson is not necessary. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993) (citing 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 at 509-10 (1985)).

## III.    REMOVAL IS TIMELY

10. Defendant received notice of the suit on August 31, 2006. Removal is timely because this case was removed within 30 days from the date Defendant received notice of the suit. *See* 28 U.S.C § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

## IV.    DIVERSITY JURISDICTION

11. This action could have originally been brought in federal court on the basis of diversity of citizenship, *see* 28 U.S.C. § 1332, because:

a)    Plaintiff Rountree Motors is a Texas citizen;

b)    Defendant Mazda is a California citizen;

c)    Defendant Ron Stach is a resident of Michigan;

d)    Defendant Neal Berson is deceased, and at the time of his death was a citizen of the state of Illinois;

e)    The amount in controversy in this case exceeds $75,000, exclusive of interest and cost.

12. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants, and this Notice of Removal meets the requirements of 28 U.S.C. §§ 1332, 1441, 1446.

## V.    AMOUNT IN CONTROVERSY

13. Plaintiff has only pled that its damages meet minimum jurisdictional limits of the state court. However, it is "facially apparent" from Plaintiff's state court petition that the amount in controversy exceeds the jurisdictional minimum requirement for diversity jurisdiction. *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) and *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

14. According to its petition, Plaintiff seeks actual damages and exemplary damages in relation to Plaintiff's Stock Purchase Agreement with various third parties. The Stock Purchase Agreement had an alleged value of greater than $75,000. *See* Plaintiff's Original Petition, Exhibit A.

15. Furthermore, Plaintiff has alleged malice and actual fraud by Defendants, which causes of action provide alleged damages that are also likely in excess of $75,000, exclusive of interest and costs. Thus, the amount in controversy is, on the face of Plaintiff's Original Petition, greater than $75,000.

## VI.    VENUE

16.  This Court embraces the county (McLennan) in which the state court action is now pending and, thus, is a proper venue for removal of this action pursuant to 28 U.S.C. § 124(b)(2).

## VII.    OTHER MATTERS

17.  Attached hereto are copies of each of the following:

    a)      All pleadings asserting causes of action, attached as Exhibit A;

    b)      All executed process in this case, attached as Exhibit B;

    c)      The state court docket sheet, attached as Exhibit C;

    d)      A list of all counsel of record and parties represented, attached as Exhibit D.

18.  Plaintiff has made a jury demand in state court.

19.  A copy of this Notice of Removal will be timely filed with the clerk of the state court in which the action is pending.

20.  This Notice of Removal has been served on all named parties to the removed case as set forth in the attached Certificate of Service.

                    Respectfully submitted,

                    Martin D. Beirne
                    Texas Bar No. 02055000
                    Beirne, Maynard & Parsons, L.L.P.
                    1300 Post Oak Blvd.
                    Houston, Texas  77056
                    Telephone: (713) 623-0887
                    Facsimile:  (713) 960-1527

**ATTORNEY FOR DEFENDANT MAZDA MOTOR OF AMERICA, INC.**

**OF COUNSEL**:

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

Brit T. Brown
Texas Bar No. 03094550
John K. Broussard
Texas Bar No. 24045565
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Defendant's Notice of Removal was served on Plaintiff's counsel and all other known counsel of record via certified mail, return receipt requested on this _____ day of September, 2006.

Frederick deB. Bostwick
Mark C. Hobbs
Ryan C. Johnson
BEARD, KULTGEN, BROPHY, BOSTWICK, & DICKSON, LLP
5400 Bosque Blvd., Suite 301
Waco, Texas 76702-1117

Martin D. Beirne

634800v.1 000001/013147

CAUSE NO. 2006-3017-3



| | | |
|---|---|---|
| GORDON ROUNTREE MOTORS, LTD., | § | |
| | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | OF McLENNAN COUNTY, TEXAS |
| MAZDA MOTOR OF AMERICA, INC., D/B/A | § | |
| MAZDA NORTH AMERICAN OPERATIONS, | § | |
| RON STACH AND NEAL BERSON, | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, GORDON ROUNTREE MOTORS, LTD. ("Plaintiff" or "Rountree Motors"), files this its Original Petition and Request for Disclosure against Defendants, MAZDA MOTOR OF AMERICA, INC., D/B/A MAZDA NORTH AMERICAN OPERATIONS ("Mazda"), RON STACH ("Stach") and NEAL BERSON ("Berson"), referred hereinafter collectively as "Defendants" and would respectfully show the Court as follows:

### I.
### DISCOVERY

Discovery in this suit is to be conducted under Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff Rountree Motors is a Texas limited partnership with its principal place of business at 2720 Franklin Avenue, Waco, McLennan County, Texas 76710.



EXHIBIT
A

Defendant Mazda is a foreign corporation and may be served through its registered agent, CT Corporation System, at 350 N. St. Paul St., Dallas, TX 75201.

Defendant Stach is an individual residing in the state of Texas, and may be served at Mazda North American Operations, his place of employment, at 13135 Dairy Ashford, Ste. 400, Sugar Land, Texas 77478.

Defendant Berson is an individual residing in the state of Texas, and may be served at Mazda North American Operations, his place of employment, at 13135 Dairy Ashford, Ste. 400, Sugar Land, Texas 77478.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction over Mazda because Mazda is generally present in Texas and has committed torts in whole or in part in Texas. This Court has jurisdiction over Stach because Stach is a resident of the State of Texas. This Court has jurisdiction over Berson because Berson is a resident of the State of Texas.

Venue is proper in McLennan County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(1) (Vernon 1986). Furthermore, Plaintiff is a limited partnership with its principal place of business in McLennan County. *Id* at 15.002(4).

### IV.
### FACTS

Beasley-Wilson, Inc. ("Beasley-Wilson") is a Texas corporation which, together with WLM Automotive, Inc. ("WLM"), also a Texas corporation, owns and operates Mazda, Isuzu, Kia and Suzuki automobile dealerships and a Daewoo service center in Waco, Texas. Such dealerships and service center are authorized and franchised under and pursuant to agreements with Mazda, Isuzu,

---

Kia, Suzuki and Daewoo and are engaged in the business of purchasing, selling and servicing new and used automobiles.

Rogers D. Wilson ("Wilson") is an individual who, in 2004, owned certain real estate and improvements used in connection with the business of Beasley-Wilson and WLM.

Gary Leverenz ("Leverenz") is an individual who, in 2004, together with Wilson, owned one hundred percent (100%) of the common stock of Beasley-Wilson and one hundred percent (100%) of the common stock of WLM.

On or about January 22, 2004, Rountree Motors, Beasley-Wilson, WLM, Wilson and Leverenz executed a Stock Purchase Agreement (the "Stock Purchase Agreement"), wherein Wilson and Leverenz agreed to sell, and Rountree Motors agreed to buy, one hundred percent (100%) of the common stock of Beasley-Wilson and WLM and certain real estate and improvements used in connection with the business of Beasley-Wilson and WLM. A true and copy of the Stock Purchase Agreement is attached hereto and incorporated by reference herein as Exhibit No. 1.

On or about February 9, 2004, a buy-sell proposal was sent to and received by Mazda for its approval, which proposal included a copy of the Stock Purchase Agreement. The following day, and in response to the buy-sell proposal, Neal Berson, Region Operations Manager of Mazda, sent a letter to Rountree Motors containing the all written requirements imposed on prospective purchasers by Mazda as part of any ownership transfer, including the following financial requirements: (1) a liquidity ratio of at least 1.3:1.0; (2) a debt to equity ratio less than or equal to 1:1, in favor of equity; (3) minimum cash on hand greater than or equal to one-month operating expense; (4) a minimum Mazda Floor Plan of $1,800,000; and (5) a final requirement that "members interests may not be pledged." Mazda also included certain "facility" requirements, stating that the applicant must (1) "meet or exceed Mazda's required guidelines"; (2) "facility interior and exterior to support Mazda's facility image standard"; and (3) "provide required Mazda signage."

Over the following weeks, Rountree Motors sent to Mazda all information necessary for Mazda to confirm that Rountree Motors met or exceeded all of Mazda's requirements. However, in a letter dated February 27, 2004, Berson again wrote to Rountree Motors, intentionally and/or recklessly misstating Rountree Motors' intentions with regard to the existing Mazda facility and impliedly threatening that Mazda would not support Rountree Motors' application unless it (1) acquired a much more expensive piece of real property (near the Toyota and Honda dealerships), and (2) proposed a business plan which included moving the existing Mazda location to the newly acquired property. This letter clearly demonstrated that Mazda and its representatives, from the very beginning of the application process, were singularly focused on the relocation of the existing Mazda facility (or at the very least a substantial renovation of the existing Mazda facility) for their own personal financial benefit, rather than on the financial qualifications and business experience of Rountree Motors and its partners. Notably, Mazda was motivated to improve its existing facility in large part because the existing Waco Mazda dealership had barely passed a Mazda on-site image inspection in 2003, wherein it was specifically noted that the exterior of the building was *not in good condition*.

Notwithstanding the fact that Rountree Motors met or exceeded all of Mazda's written requirements, Mazda (via letter written by Berson on April 7, 2004) rejected Rountree Motors' application and contemporaneously, within the same correspondence, invited Rountree Motors to re-submit their application for approval. Rountree Motors, in reliance on Mazda's encouragement that it re-submit its application, re-applied to become a franchisee.

On or about April 22, 2004, John Melin, Mazda's Market Representation Manager, requested additional information from Rountree Motors, including plans for Rountree Motors to "significantly upgrade the Mazda facility", suggesting that the application would be denied otherwise. In response,

---

Rountree Motors made every effort to obtain and send all information requested by Mazda, and assured Mazda that upgrades to the existing facility were part of the proposal.

Nevertheless, on or about June 9, 2004, Mazda again denied Rountree Motors' application and contemporaneously invited Rountree Motors to again re-submit its application. In the June 9 letter, Berson provided only one reason for the denial of Rountree Motors' application, alleging that "Mazda has not received a Lender's Floor Plan Authorization Letter providing floor plan credit for the dealership entity under ownership by Gordon Rountree Motors, Ltd." Rountree Motors, however, had discussed floor plan accommodations with Mazda American Credit (an affiliated entity of Mazda) more than two months earlier, on or about April 2, 2004. Once Defendants first made Rountree Motors aware that the authorization letter was holding up approval of its application, Rountree Motors simply advised Mazda American Credit that closing was imminent, and floor plan financing was formally approved on July 23, 2004.

Nevertheless, even after the only stated reason for the second denial of Rountree Motors' application was satisfied, Mazda continued to make additional, unlawful and unreasonable demands, resulting in continuing delay and expense to Rountree Motors. Mazda arbitrarily requested that Rountree Motors restructure various aspects of its business plan proposal, to which demands Rountree Motors acquiesced. These continued delays caused by Mazda even necessitated two amendments to the original Stock Purchase Agreement which were executed on or about June 22, 2004 and July 27, 2004, respectively. True and correct copies of the First and Second amendments to the Stock Purchase Agreement are attached hereto as Exhibits 2 and 3, respectively. Of course, negotiation and execution of these amendments caused additional unnecessary expense to all parties involved.

Finally, on or about August 27, 2004, after seven months of unnecessary delay and expense, Mazda informed Wilson and Leverenz that it would no longer consider any application submitted by

Rountree Motors. In this final denial letter, Mazda stated a new (third) reason for its denial. Ron Stach, Mazda Region Operations Manager, objected to the proposal by Rountree Motor's financing partner, Community Bank & Trust of Waco, Texas (the "Bank"), intentionally and/or recklessly misstating that the proposal would subject the stock in the dealership to the risk of default by the prospective purchasers, since the stock would allegedly be used as collateral. Stach also described several other objections to Rountree Motor's application, each of which consisted of intentionally and/or recklessly false and misleading statements regarding the proposal, and concluded by stating that "we will no longer consider [Rountree Motors] in any future proposals unless there are major changes to his financial and business qualifications."

Mazda's first objection had already been addressed by the Bank (regarding the security interest in the dealership stock), who had agreed (by letter to Rountree Motors dated August 6, 2004) *not* to take a security interest in the stock. Mazda's other objections were responded to and clarified repeatedly by Rountree Motors over the following weeks. Nevertheless, Mazda refused to reconsider its unreasonable, arbitrary and unlawful decision.

The receipt by Wilson and Leverenz of the August 27th letter, subsequent misrepresentations made by Mazda and refusal by Mazda and its representatives to work with Rountree Motors was unlawful and eliminated any chance of proceeding with the Stock Purchase Agreement between Rountree Motors, Beasley-Wilson, Inc., WLM Automotive, Inc., Rogers D. Wilson, and Gary Leverenz. Suzuki, Isuzu, and Kia had by this time each approved Rountree Motor's franchise application, and only Mazda insisted on unreasonably and unlawfully interfering with the transaction. For these and related reasons, Plaintiff has suffered damages, and therefore, Defendants should be held liable.

**V.**

## COUNT ONE: TORTIOUS INTERFERENCE WITH A CONTRACT

Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

Plaintiff had a valid contract with Beasley-Wilson, WLM, Wilson and Leverenz for the purchase of all of the stock of Beasley-Wilson, Inc. and WLM Automotive, Inc., the companies which own Mazda, Isuzu, Kia and Suzuki automobile dealerships and a Daewoo service center. The Stock Purchase Agreement was twice amended as a result of the unnecessary delay of Mazda.

Defendants knew or had reason to know of Plaintiff's contract with Beasley-Wilson, WLM, Wilson and Leverenz and of Plaintiff's interest in the contract, because the Stock Purchase Agreement was sent to and receipt acknowledged by Defendants.

Although Suzuki, Isuzu, and Kia all approved Rountree Motor's application to become a franchisee of the respective dealerships, Defendants willfully and intentionally interfered with Plaintiff's contract with Beasley-Wilson, WLM, Wilson and Leverenz by denying Rountree Motor's application with substantial certainty that such denial would effectively terminate the Stock Purchase Agreement.

As a direct and proximate result of Defendants' willful and intentional interference, Plaintiff sustained damages for which Defendants should be held liable.

On information and belief, Plaintiff's injury resulted from Defendant's malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**VI.**

### COUNT TWO: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

There was a reasonable probability that the Plaintiff would have entered into a business relationship with Beasley-Wilson, WLM, Wilson, Leverenz, and all future purchasers of Mazda, Kia, Isuzu and Suzuki automobiles from the local dealerships.

After Suzuki, Isuzu, and Kia all approved Rountree Motor's application to become a franchisee of the respective dealerships, Defendants willfully and intentionally interfered with Plaintiff's prospective business relationships.

Defendants' interference was independently tortious or unlawful, because the denial of Rountree Motor's application was unreasonable and unlawful and fraudulent and/or negligent misrepresentations were made to Rountree Motors by Defendants throughout the application process. Moreover, Defendants made disparaging remarks about Plaintiff's business throughout the application process.

As a direct and proximate result of Defendants' willful and intentional interference, Plaintiff sustained damages for which Defendants should be held liable.

On information and belief, Plaintiff's injury resulted from Defendant's malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**VII.**

### COUNT THREE: NEGLIGENT MISREPRESENTATION

Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

Defendants made numerous representations to Plaintiff throughout the course of the parties' dealings, supplying false and/or misleading information for the guidance of Plaintiff. Defendants failed to exercise reasonable care and/or competence in obtaining and/or

---

communicating said information to Plaintiff. Plaintiff reasonably and/or justifiably relied upon Defendants' representations.

As a direct and proximate result of Defendants' misrepresentations, Plaintiff suffered damages, and therefore, Defendants should be held liable for such damages.

## VIII.
### COUNT FOUR: BUSINESS DISPARAGEMENT

Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

Defendants published written and oral disparaging words about Plaintiff's financial qualifications and business plan, which were false. Defendants published said words with malice and without privilege. Plaintiff suffered damages as a direct and proximate result of Defendants' disparaging statements, and therefore, Defendants should be held liable for such damages.

Plaintiff's injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## IX.
### COUNT FIVE: FRAUD

Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

Defendants made numerous material misrepresentations to Plaintiff through the course of the application process. Defendants' representations to Plaintiff were material because they were either cited as a reason for Defendant's wrongful denial of Plaintiff's application or caused Plaintiff additional unnecessary delay and expense.

Defendants' representations to Plaintiff constituted false statements of opinion and/or fact which Defendant knew Plaintiff would justifiably rely upon because of Defendants' special knowledge.

Defendants made the false representations recklessly, as positive assertions, and without knowledge of their truth. Plaintiff thereafter relied on Defendants' false representations by

---

incorporating changes into its business plan proposal based on such representations. The result was that Defendant's false representations directly and proximately caused injury to Plaintiff, due to the unnecessary delay and expense on the part of Plaintiff and because Plaintiff's reliance upon a number of such representations were cited as a reason for Defendants' denial of Plaintiff's application.

## X.
## DAMAGES

Plaintiff seeks and is entitled to a judgment against Defendants for unliquidated damages which exceed the minimal jurisdictional limits of the Court.

## XI.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this, its Original Petition and Request for Disclosure.

## XII.
## REQUEST FOR DISCLOSURE TO MAZDA

Pursuant to Texas Rule of Civil Procedure 194, Defendant Mazda is requested to disclose, within fifty (50) days of service of this request, any and all information or material described in Texas Rule of Civil Procedure 194.2 (a)-(i), (l).

## XIII.
## PRAYER

WHEREFORE, Plaintiff Rountree Motors, prays that, upon trial of this case, the Court enter a judgment in its favor against Defendants and that it have the following relief:

1. Actual damages including benefit-of-the-bargain damages, lost profits, loss of goodwill, and out-of-pocket damages;

2. Exemplary damages;

3. Prejudgment and post judgment interest;

4.   Costs of suit; and

5.   All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, LLP**

_____

Frederick deB. Bostwick
State Bar No. 02682500
Mark C. Hobbs
State Bar No. 24035905
Ryan C. Johnson
State Bar No. 24048574
Central Tower, Suite 301
5400 Bosque Blvd.
Waco, Texas 76702-1117
(254) 776-5500
(254) 776-3591 (facsimile)

ATTORNEYS FOR PLAINTIFF,
GORDON ROUNTREE MOTORS, LTD.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
RECEIVED
08/31/2006
Log Number 511442084

SEP 0 2006

**LEGAL DIVISION**

**TO:**     Robert Mercer, VP & General Counsel
MAZDA MOTOR OF AMERICA, INC.
7755 Irvine Center Dr.
Irvine, CA, 92618-2922

**RE:**     **Process Served in Texas**

**FOR:**    MAZDA MOTOR OF AMERICA, INC. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gordon Rountree Motors, Ltd., Pltf. vs. Mazda Motor of America, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request for Disclosure, Exhibit(s) |
| **COURT/AGENCY:** | 74th Judicial District Court, McLennan County, TX<br>Case # 200630173 |
| **NATURE OF ACTION:** | Tortious interference with a contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/31/2006 at 11:10 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days - Citation // Within 50 days - Disclosure |
| **ATTORNEY(S) / SENDER(S):** | Ryan C. Johnson<br>Beard, Klutgen, Brophy, Bostwick, & Dickson, LLP<br>5400 Bosque Blvd.<br>Suite 301<br>Waco, TX, 76702-1117<br>254-776-5500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790055721538<br>Email Notification, Grace Lee glee8@mazdausa.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Beatrice Casarez |
| **ADDRESS:** | 350 North St. Paul Street<br>Dallas, TX, 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / TD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



EXHIBIT
B

Delivered PAPER #01 ___
Attorney Civil Process Service
11:18AM

*CITATION*

**THE STATE OF TEXAS**
**DIRECTED TO: MAZDA MOTOR OF AMERICA, INC., D/B/A MAZDA NORTH AMERICAN OPERATIONS, IS A FOREIGN CORPORATION**

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING TWENTY (20) DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING **ORIGINAL PETITION** FILED ON THE **24TH** DAY OF **AUGUST, 2006**, IN THE 74TH JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK AND YOU ARE HEREBY SERVED WITH A COPY OF PLAINTIFF'S REQUEST FOR DISCLOSURE TO WHICH YOU MUST FILE AN ANSWER AS REQUIRED BY LAW.

CAUSE NO. 2006-3017-3
PARTIES TO THIS ACTION ARE:

**GORDON ROUNTREE MOTORS, LTD., is a Texas limited partnership**          Plaintiff

VS.

**MAZDA MOTOR OF AMERICA, INC., D/B/A MAZDA NORTH AMERICAN**
**OPERATIONS, is a foreign corporation; RON STACH; and NEAL BERSON**          Defendants

### NOTICE
*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and Original Petition and Request for Disclosure, a default judgment may be taken against you.*

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS 25TH DAY OF AUGUST, 2006.

| | |
|---|---|
| **Frederick deB. Bostwick** | KAREN C. MATKIN, District Clerk |
| **5400 Bosque Blvd.** | P.O. Box 2451 |
| **Suite 301** | Waco, McLennan County, Texas 76703 |
| **Waco, Texas 76702-1117** | By: _____ Deputy |
| Attorney for Plaintiff | Judi Gripp |

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2006 at _____ o'clock ____M. and executed on the _____ day of _____, 2006 by delivering to the defendant, to-wit:

_____
at _____ o'clock ___M _____, 2006; each, in person, a true copy of this citation with a true and correct copy of the Original Petition and Request for Disclosure attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy

*NO SHERIFF OR CONSTABLE FEES COLLECTED*

Total $_____     _____County, Texas

By_____

**VERIFICATION OF RETURN** (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned

Notary Public, on this the _____day of_____, 2006.

_____
Notary Public for the State of Texas

06/07/2006 08:06 FAX 254 757 5    MCLENNAN CO DIST CLERK    ☑001

```
DATE: 09/07/2006          DISTRICT COURT FEE SYSTEM          PAGE:    1
TIME: 08:12:47               CIVIL DOCKET SHEET

CAUSE NO: 200630173      ACTION NO:  1     FILE DATE: 08/24/2006
GORDON ROUNTREE VS MAZDA MOTOR

        PARTIES TO THE CASE              P/D    ATTORNEY

    01 GORDON ROUNTREE MOTORS LTD      P 01 BOSTWICK,RICK
    02 MAZDA MOTOR OF AMERICA INC      D
    03 MAZDA NORTH AMERICAN OPERATION  D
    04 STACH,RON                       D
    05 BERSON,NEAL                     D

  DATE     PARTY  COURT PROCEEDINGS

 8/24/2006    1 A NEW SUIT FORM    / JG
 8/24/2006    1 A PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE / JG
```



EXHIBIT
C

09/07/2006 08:07 FAX 254 757 ⬤    MCLENNAN CO DIST CLERK ⬤    ☑002

```
  [PART] Action [MO] (INquire MOdify NeXt)                    MAINTAIN PARTIES
Style GORDON ROUNTREE VS MAZDA MOTOR File Date  8/24/2006
Docket Cd [V] Yr Filed [2006] Case Num [ 3017] Court Cd [3  ] Action Num [ 1]
Next Party [0000]


Code Num   Type NOAO Name                        B/I  Attorney        Stat
  [ ] [  1] [P] [Y] [GORDON ROUNTREE MOTORS LTD   ] [B] [  1] BOSTWICK,RICK   A
      Adrs: [                       ] [                      ]
      City: [                ] State: [  ] Zip: [      ] [      ]
      Telephone: Voice [          ] Fax [          ] Pauper [N] NSF Check [N]
  [ ] [  2] [D] [Y] [MAZDA MOTOR OF AMERICA INC    ] [B] [    ]      — Def
      Adrs: [CT CORPORATION SYSTEM   ] [350 N ST PAUL ST        ]
      City: [DALLAS            ] State: [TX] Zip: [75201] [      ]
      Telephone: Voice [          ] Fax [          ] Pauper [N] NSF Check [N]
  [ ] [  3] [D] [N] [MAZDA NORTH AMERICAN OPERATION] [B] [    ]      — Def
      Adrs: [                       ] [                      ]
      City: [                ] State: [  ] Zip: [      ] [      ]
      Telephone: Voice [          ] Fax [          ] Pauper [N] NSF Check [N]
  [ ] [  4] [D] [Y] [STACH,RON                     ] [I] [    ]      — Def
      Adrs: [C/O MAZDA N AMERICAN OP ] [13135 DAIRY ASHFORD,#400 ]
      City: [SUGAR LAND        ] State: [TX] Zip: [77478] [      ]
      Telephone: Voice [          ] Fax [          ] Pauper [N] NSF Check [N]

Next [PART] Operands [SAME                              ]

RCV           |   |FORM|    |LTAI|    |Col 17|Row  1|Page 1|DC09
```

09/07/2006 08:07 FAX 254 757 5●        MCLENNAN CO DIST CLERK ●        ☒003

[PART] Action [MO] (INquire MOdify NeXt)                    MAINTAIN PARTIES
Style GORDON ROUNTREE VS MAZDA MOTOR File Date  8/24/2006
Docket Cd [V] Yr Filed [2006] Case Num [  3017] Court Cd [3  ] Action Num [ 1]
Next Party [0004]

Code Num   Type NOAO Name                        B/I  Attorney         Stat
 [ ] [   4] [D] [Y] [STACH,RON              ] [I] [  ]     ─Def .
     Adrs: [C/O MAZDA N AMERICAN OP  ] [13135 DAIRY ASHFORD,#400 ]
     City: [SUGAR LAND      ] State: [TX] Zip: [77478] [   ]
     Telephone: Voice [          ] Fax [         ] Pauper [N] NSF Check [N]
 [ ] [   5] [D] [Y] [BERSON,NEAL            ] [I] [  ]     ─Def .
     Adrs: [C/O MAZDA N AMERICAN OP  ] [13135 DAIRY ASHFORD,#400 ]
     City: [SUGAR LAND      ] State: [TX] Zip: [77478] [   ]
     Telephone: Voice [          ] Fax [         ] Pauper [N] NSF Check [N]
 [ ] [    ] [ ] [N] [                        ] [I] [  ]     ]
     Adrs: [                   ] [                        ]
     City: [               ] State: [  ] Zip: [     ] [      ]
     Telephone: Voice [          ] Fax [         ] Pauper [N] NSF Check [N]
 [ ] [    ] [ ] [N] [                        ] [I] [  ]     ]
     Adrs: [                   ] [                        ]
     City: [               ] State: [  ] Zip: [     ] [      ]
     Telephone: Voice [          ] Fax [         ] Pauper [N] NSF Check [N]

Next [PART] Operands [SAME                           ]

RCV          |    |FORM|      |LTAI|      |Col 17|Row  1|Page 1|DC09

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | | |
|---|---|---|
| GORDON ROUNTREE MOTORS, LTD., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | |
| MAZDA MOTOR OF AMERICA, INC., | § | CIVIL ACTION NO. _____ |
| D/B/A MAZDA NORTH AMERICAN | § | |
| OPERATIONS, RON STACH, AND | § | |
| NEAL BERSON, | § | |
| | § | |
| DEFENDANTS. | § | |

# EXHIBIT D

**Counsel for Plaintiff:**
**Gordon Rountree Motors, LTD.**
Frederick deB. Bostwick
Texas Bar No. 02682500
Mark C. Hobbs
Texas Bar No. 24035905
Ryan C. Johnson
Texas Bar No. 24048574
BEARD, KLUTGEN, BROPHY, BOSTWICK, & DICKSON, LLP
5400 Bosque Blvd., Suite 301
Waco, Texas 76702-1117
Telephone: 254-776-5500
Facsimile: 254-776-3591



**Counsel for Defendant:**
**Mazda Motor of American, Inc., d/b/a Mazda North American Operations**
Martin D. Beirne
Texas Bar No. 02055000
Brit T. Brown
Texas Bar No. 03094550
John K. Broussard
Texas Bar No. 24045565
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd.
Houston, Texas  77056
Telephone: 713-623-0887
Facsimile:  713-960-1527

**Counsel for Defendant:**
**Ron Stach**

Not Served

**Counsel for Defendant:**
**Neal Berson**

Not Served

W06CA251

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gordon Rountree Motors, Ltd. | Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Ron Stach and Neal Berson, |

**(b)** County of Residence of First Listed Plaintiff   McLennan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Orange County, California
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Frederick deB. Bostwick, Mark C. Hobbs, Ryan C. Johnson
Beard Kultgen Brophy Bostwick & Dickson, LLP, 5400 Bosque Blvd., #301, Waco, TX 76702-1117

Attorneys (If Known)

Martin D. Beirne, Brit T. Brown, John K. Broussard, Jr.
Beirne, Maynard & Parsons, L.L.P., 1300 Post Oak Blvd., #2500, Houston, TX 77056

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
         Plaintiff

☐ 3  Federal Question
         (U.S. Government Not a Party)

☐ 2  U.S. Government
         Defendant

☒ 4  Diversity
         (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332

Brief description of cause:
Tortious interference with contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):      JUDGE                         DOCKET NUMBER

DATE   9/8/06

SIGNATURE OF ATTORNEY OF RECORD   *Martin D. Beirne*

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION          **W06 CA251**

CASE NO. _2006-3017-3_

## SUPPLEMENT TO JS 44 CIVIL COVER SHEET
## TO BE USED WHEN FILING A REMOVAL CASE

THIS FORM MUST BE FILED WITH THE UNITED STATES DISTRICT CLERK'S OFFICE ON THE FIRST BUSINESS DAY FOLLOWING THE FILING OF THE NOTICE OF REMOVAL.

Additional sheets may be used as necessary.

This form must be signed by the attorney of record for removing party.

Was Jury Demand made in State Court?   ✓ YES   _____ NO

If "Yes" by which party, and on what date?

_Plaintiff, Gordon Rowntree Motors, Ltd_          _8/24/06_
         Party                                      Date

## STYLE OF ORIGINAL PETITION
(Please include all Plaintiffs, Defendants, and Intervenors still remaining in the case. Also please list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address and phone number, including area code.)

| PARTY | ATTORNEY(S) |
|---|---|
| Gordon Rowntree Motors, Ltd., Plaintiff v. | Frederick deB. Bostwick SBN: 02682500 Beard, Kultgen, Brophy, Bostwick & Dickson, LLP |
| Mazda Motor of North America, Inc., d/b/a Mazda North American Operations, Ron Stach, and Neal Berson | Martin D. Beirne SBN: 02055000 Beirne Maynard + Parsons, LLP |

09/08/06  12:21 FAX 254 750 1507          CLERK USDC WACO                                    ⊠003

## COUNTERCLAIMS, CROSSCLAIMS AND/OR THIRD PARTY CLAIMS

Please list separately each counterclaim, crossclaim, or third-party claim still remaining in the case, and designate the nature of each such claim.  For each counterclaim, crossclaim or third-party claim, please include all Plaintiffs, Defendants, and Intervenors still remaining in the case.  Also list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including area code.

PARTY                                       ATTORNEY(S)

N/A

Sept 8, 2006
_____
Date

_____ /WSA
Signature of Attorney of Record for
Removing Party  WITH PERMISSION

AO82
(Rev. 4/90)

ORIGINAL

400390

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**

at _Waco_ TX

RECEIVED FROM

_Berne Maynard & Parsons_
_1300 Post Oak Blvd_
_Houston, TX 77056_

| Fund | | ACCOUNT | AMOUNT |
|------|------|---------|--------|
| 6855XX | Deposit Funds | | |
| 604700 | Registry Funds | 510 00 | 190 00 |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | 086900 | 60 00 |
| 086900 | Filing Fees | 086900 | 100 00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | TOTAL | 350 00 |
| 322386 | Restitution to U.S. Government | Case Number or Other Reference |
| 121000 | Conscience Fund | W-06-CA-151 |
| 129900 | Gifts | Filing Fee |
| 504100 | Crime Victims Fund | Notice of Removal |
| 613300 | Unclaimed Monies | Gordon Rountree Motors |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | Mazda Motors, et al |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit |
|------|------|-------|------|--------|
| 9/8 2006 | | X | | |

213 7765

DEPUTY CLERK: _M. Cunningham_