IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GORDON ROUNTREE MOTORS, LTD., | § § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. W-06-CA-251 |
| v. | § | |
| | § | |
| MAZDA MOTOR OF AMERICA, INC., | § | |
| D/B/A MAZDA NORTH AMERICAN | § | |
| OPERATIONS, RON STACH, AND | § | |
| NEAL BERSON, | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Before the Court is Defendant Ron Stach's Motion to Dismiss.  Having reviewed the Motion, Response, Reply, pleadings, and applicable legal authority, the Court finds that the Motion should be denied on the tortious interference with existing contract claim and should be granted on all other claims.

## I. BACKGROUND

On August 24, 2006, Gordon Rountree Motors, Ltd. ("Rountree") sued Mazda Motor of America, Inc., d/b/a Mazda North American Operations ("Mazda"), Ronald Stach ("Stach") and Neal Berson.  This action was removed to this Court on September 8, 2006 based on diversity jurisdiction.

Rountree's allegations arise from its failed attempt in 2004 to purchase the Mazda dealership in Waco from Beasley-Wilson, Inc.  In early 2004, Rountree, WLM

Automotive, Inc. ("WLM"), Rogers Wilson ("Wilson"), Gary Leverenz ("Leverenz"), and Beasley-Wilson executed a Stock Purchase Agreement, wherein Wilson and Leverenz agreed to sell and Rountree agreed to buy 100% of the common stock and certain real estate of Beasley-Wilson and WLM.  As a condition to the sale, Mazda had to approve Rountree as a franchise dealer.  Beasley-Wilson applied for approval of the franchise transfer on three occasions and they were all denied.  The third denial was denied by a letter sent to Beasley-Wilson on August 27, 2004 from Ron Stach, the Mazda Region Operations Manager.  This letter, as required by the Texas Occupations Code § 2301.329(d), states Mazda's reasons for the denial including inadequate financial and business qualifications.

Rountree alleges that Mazda's conclusions as to Rountree's qualifications were false and misleading statements.  Rountree also alleges that, as a consequence of Mazda's denial of the transfer, Beasley-Wilson terminated the Stock Purchase Agreement and, thus, eliminated any chance for Rountree to proceed with its purchase of the stock.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Boudeloche v. Grow Chemical Coatings Corps.*, 728 F.2d 759, 762 (5th Cir. 1984); *Kaiser*, 677 F.2d at 1050.  When considering such a motion, the complaint must be liberally construed in the plaintiff's favor, and all facts well pleaded in the complaint should be accepted as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

### III. DISCUSSION

#### 1. Tortious Interference with Existing Contract

Tortious interference with existing contract requires (1) the plaintiff had a valid contract; (2) the defendant willfully and intentionally interfered with that contract; (3) the interference was a proximate cause of the plaintiff's injury; and (4) the plaintiff incurred actual damage or loss.  *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

Stach alleges that Rountree's Petition does not allege facts to support the element that he willfully and intentionally interfered with Rountree's contract.  Stach alleges that he cannot be liable because he was merely an agent for Mazda.  *See Holloway v. Skinner*, 898 S.W.2d 793, 797 (Tex. 1995).

Rountree responds that Stach did willfully and intentionally interfere with the Stock Purchase Agreement, and Stach's August 27 letter constitutes one such act of willful and intentional interference.  Rountree asserts that Texas courts have long held that an employee who commits, directs or participates in tortious conduct, even

3

while acting within the scope of his employment, is personally liable for those acts. *See Leyendecker & Assoc.*, 683 S.W.2d 369, 375 (Tex. 1984); *Graham Land & Cattle Co. v. Indep. Bankers Bank*, 205 S.W.3d 21, 32 (Tex. App.— Corpus Christi 2006, no pet.). Rountree distinguishes *Holloway* because the issue in that case was whether an employee of a contracting party who withdraws from a contract can be liable for tortious interference with that contract. Here, Stach is not an employee or agent of a party to the Stock Purchase Agreement.

Stach replies that regardless of the Texas law on liability imposed on employees who commit torts within the scope and course of their employment, Rountree's claim is only based on the August 27 letter, which does not legally or factually support a tortious interference claim. Stach asserts that he was merely the communicator of his employer's decision to deny approval for the Rountree/Beasley-Wilson stock transaction, and the communication was required under the Texas Occupation Code.

Rountree has plead that Stach intentionally misstated that the proposal would subject the stock in the dealership to the risk of default by the prospective purchasers. Further, Rountree plead that Stach also described several other objections to Rountree's application, each of which consisted of intentionally false and misleading statements regarding the proposal. The Court finds that Rountree has stated a claim for tortious interference with existing contract against Stach. Thus, Stach's Motion to Dismiss against Rountree on this claim should be denied.

4

## 2. Tortious Interference with Prospective Business Relations

The elements of tortious interference with prospective business relations are (1) reasonable probability that the plaintiff would have entered into a business relationship with a third person; (2) the defendant intentionally interfered with the relationship; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference was the proximate cause of the plaintiff's injury; and (5) the plaintiff suffered actual damage or loss. *See Walmart Stores v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001); *Baty v. Protek Ins. Co.*, 63 S.W.3d 841, 859-60 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Stach argues that Rountree's Petition fails to allege facts that Stach intentionally interfered with Rountree's prospective business relationships. Stach argues that he was acting as an agent and employee of Mazda; thus, he cannot be held to have interfered with a Rountree business relationship. Stach also asserts that Rountree's Petition does not support the element that his conduct was independently tortious because he was working for Mazda and simply conveyed the reasons for Mazda's decision to deny the franchise transfer.

Rountree responds by stating that it has sufficiently plead this cause of action.[1]

The Court finds that Rountree's Petition fails to state a claim for tortious

---

[1] Rountree also responds that it plans to depose Stach within thirty (30) days and will amend its Petition to include more particularity as necessary for this claim as well as the negligent misrepresentation, fraud, and business disparagement claims. Stach replies that the deadline to amend pleadings has already passed.

interference with prospective business relations against Defendant Stach. Thus, Stach's Motion to Dismiss this claim against him should be granted.

### 3. Negligent Misrepresentation

Negligent misrepresentation requires: (1) the defendant made a representation to the plaintiff in the course of a transaction in which the defendant had an interest; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable case in obtaining or communicating information; (4) the plaintiff justifiably relied on the representation; and (5) the defendant's negligent misrepresentation proximately caused the plaintiff's injury. *See McCamish v. F. E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

Stach argues that Rountree's Petition does not allege the elements of justifiable reliance of causation. Stach asserts that there are no specific allegations nor any factual implications that Rountree took affirmative acts after and in reliance on the August 27 letter. Stach argues that the closing of the Stock Purchase Agreement was only a consequence or effect of Stach's letter, not an action in reliance on Stach's statement. Further, Stach argues that it was not caused by Stach's statement but was caused by the language of the Stock Purchase Agreement that made Mazda's approval a condition precedent.

Rountree responds by stating that it has sufficiently plead this cause of action.

The Court finds that Rountree's Petition fails to state a claim for negligent misrepresentation against Defendant Stach. Thus, Stach's Motion to Dismiss this

claim against him should be granted.

### *4. Fraud*

The elements of fraud are (1) the defendant made representation to the plaintiff; (2) the representation was material and false; (3) when made, the representation was known to be false or was made recklessly, and without knowledge of its truth; (4) the representation was made with the intent that the plaintiff act on it; (5) the plaintiff relied on the representation; and (6) the representation caused plaintiff's injuries. *See In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).

Stach argues that Rountree's Petition does not allege the reliance or causation of injury elements similar to the negligent misrepresentation cause of action. In addition, Stach argues that Rountree's Petition fails to satisfy the heightened specificity requirements of FED. R. CIV. P. 9(b) requiring that "the circumstances constituting fraud . . . shall be stated with particularity." Stach asserts that Rountree does not allege that Stach knew his statements to be false in the August 27 letter. Instead, Rountree generally alleges that all Defendants made statements that they knew to be false "through the course of the application process."

Rountree responds by stating that it has sufficiently plead this cause of action.

The Court finds that Rountree's Petition fails to state a claim for fraud against Defendant Stach. Thus, Stach's Motion to Dismiss this claim against him should be granted.

7

### *5. Business Disparagement*

The tort of business disparagement requires (1) the defendant published disparaging words about the plaintiff's economic interests; (2) the words were false; (3) the defendant published the words with malice; (4) the defendant published the words without privilege; and (5) the publication caused special damages. *See Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987).

Stach argues that Rountree's Petition does not allege that he acted with malice in his August 27 letter. Stach asserts that he was acting in the scope of his employment and had no reason to act with ill will.

Rountree responds by stating that it has sufficiently plead this cause of action.

The Court finds that Rountree's Petition fails to state a claim for business disparagement against Defendant Stach. Thus, Stach's Motion to Dismiss this claim against him should be granted.

In light of the foregoing, it is

**ORDERED** that Plaintiff Defendant Ron Stach's Motion to Dismiss is **GRANTED** in part and **DENIED** in part and Rountree's tortious interference with

prospective business relations, negligent misrepresentation, fraud, and business disparagement claims against Defendant Ron Stach are **DISMISSED**.

      **SIGNED** on this 2nd day of July, 2007.

                                            _____

                                            WALTER S. SMITH, JR.
                                            CHIEF UNITED STATES DISTRICT JUDGE